

FILED

OCT 10 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re

CHRISTIAN LYNN NEWMAN

      Debtor.

Case No. 12-31671-E-13
Docket Control No. PGM-6

DATE: November 18, 2014
TIME: 3:00 p.m.
DEPT: E, Courtroom 33
      501 I Street, 6th Floor
      Sacramento, California

**SUPPLEMENTAL FINDINGS FOR ORDER TO APPEAR RE:
PROOFS OF CLAIMS NOS. 9 and 10
AND
OBJECTION TO NOTICE OF POST-PETITION MORTGAGE CHANGE**

    Christian Newman ("Debtor") has filed an Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges. The court issued Findings of Fact and Conclusions of Law for the Motion for the October 7, 2014 hearing on the Motion. Civil Minutes, October 7, 2014 hearing. The hearing has been continued to 3:00 p.m on November 18, 2014. The court issues these Supplemental Findings and an order for various parties in interest to appear and provide supplemental pleadings necessary to address this Objection.

    The title of the Objection to Post-Petition Mortgage Change states that it is an objection to such charges of "US Bank/America's Servicing Company." The court cannot identify any entity with such name that is, or can be, brought before the court. For a federal

court to exercise federal judicial power, the judge must be confident that it has before it the real parties in interest for whom there is an actual case or controversy as required by Article III, Section 2, of the United States Constitution.

Debtor has objected to the Notice of Mortgage Payment Change which was filed on June 3, 2014. The Notice identifies the creditor as "America Servicing Company." The last four digits of the Debtor's account number are 6021. The Uniform Claim Identifier is stated to be "WFCMGA1231671CAE46306021." The new Principal, Interest, and Escrow payment is stated to be $1,601.36. The Notice states that it relates to Proof of Claim No. 9. June 3, 2014 Docket Entry.

A prior Notice of Mortgage Payment was filed on June 7, 2013, which also states that it relates to Proof of Claim No. 9. The creditor is stated to be "America Servicing Company." This Notice of Payment Change identifies the same last four digits for the account number and references the same Uniform Claim Identifier. This Notice states that the Principal, Interest, and Escrow payment is $1,556.37. June 7, 2014 Docket Entry. On September 25, 2014, a "Notice of Withdrawal of Notice of Payment Change (Court Claim No. 9)" was filed for the June 7, 2013 filed notice. This Notice of Withdrawal states that America's Servicing Company is withdrawing the Notice of Payment Change. September 25, 2013 Docket Entry.

The two Notices of Mortgage Payment Change identify the creditor as "America Servicing Company." However, the two Notices of Mortgage Payment Change and the Notice of Withdrawal are signed by representatives of "America's Servicing Company." [Emphasis Added.]
/////

While this is a slight difference, it is a difference.[1]

Debtor asserts that the $1,601.36 amount in the June 3, 2014 Docket Entry is incorrect.

**PROOFS OF CLAIM FILED IN THIS BANKRUPTCY CASE**

**Proof of Claim No. 9**

Proof of Claim No. 9 in this case was filed by the Debtor on April 25, 2013. It states the following information relating to the claim:

    A.    Name of Creditor

                  ................... "America Servicing Company"

    B.    Amount of Debt

                  ................... $12,000.00

    C.    Consideration for Debt

                  ................... "Mortgage Arrears"

    D.    Security Interest is held for Claim

                  ................... No Collateral Identified

---

[1] The court recalls, and is confident that the parties remember, the confusion which was created when an entity was registered to do business in California with the name "Mortgage Electronic Registration System, Inc. (MERs)" which was very similar to the entity "Mortgage Electronic Registration Systems, Inc." which was serving as the nominee for a large number of financial institutions in making residential home loans to consumers. Even small variations in names can make a significant difference in judicial proceeding.

In connection with this matter, an internet search discloses that there is a business operating under the name "Americas Servicing Company." See http://www.americasservicingcompany.org/about-us/. On this website it is stated that "Americas Servicing Company" is not "affiliated in any way with America's Servicing Company or Wells Fargo Bank."

E.   Notice of Filing to be sent by court to

   Chapter 13 Trustee

   P.O. Box 1858

   Sacramento, CA 95812


   America Servicing Company

   P.O. Box 14547

   Des Moines, IA 50306-4547

Proof of Claim No. 9, Registry of Claims for Case No. 12-31671.

**Proof of Claim No. 10**

   On May 20, 2013, less than one month later, a Proof of Claim was filed by U.S. Bank National Association, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007 EQI ("U.S. Bank, National Association, Trustee").  Proof of Claim No. 10. The elements of Proof of Claim No. 10 are,

A.   Name of Creditor

   ............ U.S. Bank, National Association, Trustee

B.   Entity to Receive Payments and Notices

   ........................ "Americas Servicing Company"

C.   Person Executing Proof of Claim

   ........................ Attorney for Creditor (agent)

D.   Amount of Claim

   ...............................................$256,692.94

E.   Amount of Pre-Petition Arrearage

   ...............................................$ 16,393.91

4

```
 1      F.   Secured Claim, Collateral Identified
 2           .......................................... 30 Cattail Ct
 3      G.   Last Four Digits of Account Number
 4           .......................................... None Listed
 5      H.   Uniform Claim Identifier
 6           .......................................... None Listed
```

Attached to Proof of Claim No. 10 is Mortgage Proof of Claim Attachment.  The principal and interest on the claim is computed to be $251,206.78, which breaks down as,

```
     A.   Principal.............................$246,003.59
     B.   Interest..............................$5,203.78
          1.   2.000% interest for the period June 1, 2011 through June
               21, 2012 (date bankruptcy case was filed).
```

The attachment computes the pre-petition fees, expenses, and charges to be $4,291.00, and the pre-petition payment arrearage to be $12,256.92 (12 monthly payments of $1,021.41 each).

**First Amended Proof of Claim No. 10 - Filed July 25, 2013**

On July 25, 2013, a First Amended Proof of Claim No. 10 was filed by U.S. Bank, National Association, as Trustee.  This amended proof of claim adjusts the claim amount to $256,278.57 and reduces the pre-petition arrearage to $15,979.54.  Amended Proof of Claim No. 10 adds the following information to this claim:

```
     A.   Last Four Digits of Account Number.......... 6021
     B.   Uniform Claim Identifier......... WFCMGA1241671CAE46306021
```

**Second Amended Proof of Claim No. 10 - Filed June 9, 2014**

On June 9, 2014, U.S. Bank, National Association, as Trustee, filed a Second Amended Proof of Claim No. 10.  In this amended proof of claim,

the amount of the claim was changed to be $252,865.81 and the pre-petition arrearage was reduced to $14,424.54.

Attached to Second Amended Proof of Claim No. 10 is Mortgage Proof of Claim Attachment. The principal and interest on the claim is computed to be $250,154.07, which breaks down as,

    a.    Principal............................$244,972.71

    b.    Interest............................$ 5,181.36

          i.    2.000% interest for the period June 1, 2011 through June 21, 2012 (date bankruptcy case was filed).

The attachment computes the pre-petition fees, expenses, and charges to be $3,868.31, and the pre-petition payment arrearage to be $12,256.92 (12 monthly payments of $1,021.41 each).

**IDENTITY OF CREDITOR AND VALID CLAIM**

In this case, the court is concerned that the parties have failed to properly identify the creditor which has a claim secured by the 30 Cattail Ct. property and the claim which is secured. The "confusion" begins with the filing of Proof of Claim No. 9, which states that there is only a $12,000.00 claim, for which America Servicing Company is the creditor, and it is secured by an unidentified assets. America's Servicing Company, on two separate occasions, has confirmed that the creditor is "America Servicing Company" and that Proof of Claim No. 9 is the correct claim. Further, that this claim is the one for which the Last Four Digits of the Account Number is 6021 and the Uniform Claim Identifier is WFCMGA1241671CAE46306021. Notices of Mortgage Payment Change, June 7, 2013 and June 3, 2014 Docket Entries.

Conflicting with this is Proof of Claim No. 10, as amended, which states that U.S. Bank, N.A., as Trustee, is the creditor. The Last Four

6

Digits of the Account Number and the Uniform Claim Identifier for Proof of Claim No. 10 is the same as that stated to be the basis for the claim of "America Servicing Company" as stated in Proof of Claim No. 9 and the two Notices of Mortgage Payment Changes.

From the various documents filed the creditor is asserted to be "America Servicing Company" (by Debtors and America's Servicing Company), "America's Servicing Company," or U.S. Bank, N.A., Trustee.

Then, there is confusion over whether the secured claim in this case is $12,000.00 or $252,865.81. While Proof of Claim No. 9 appears incomplete, on several occasions America's Servicing Company has directed the court to that Proof of Claim as the one to which the post-petition mortgage payments relate.

Finally, there is an issue as to what changes, if any, are properly made for the current monthly payment for the secured claim. The court's records show that only the secured claim evidenced by Proof of Claim No. 9 is the one for which there is a post-petition change in the amount of the monthly payment. No Notice of Mortgage Payment Change has been filed which relates to Proof of Claim No. 10.

**FURTHER HEARING, BRIEFING, AND APPEARANCE OF PARTIES**

The court has determined that it is necessary and proper to have each of these three parties – the Debtor, U.S. Bank, N.A., as Trustee, and America's Servicing Company – come forward and clarify for the court, Chapter 13 Trustee, U.S. Trustee, and other parties in interest the correct identity of the creditor and whether Proof of Claim No. 9, as advanced by Debtors and America's Servicing Company, is the correct claim to be paid in this case or, if it is Proof of Claim No. 10, for which U.S. Bank, N.A., as Trustee, is the creditor. Though one may intuit the

correct answer, parties have made conflicting statements under penalty of perjury and subject to Federal Rule of Bankruptcy Procedure 9011.

The court orders the following parties to respond to the court and appear at the continue hearing on this Objection:

**U.S. Bank, National Trust Association, as Trustee for Structured Asset Security Corporation Mortgage Pass-Through Certificates, Series 2007-EQ1:**

    A.    U.S. Bank, N.A., as Trustee, through an officer familiar with the claim asserted for it in this case, shall appear, and,

          1.    Confirm whether the Bank, as Trustee, is the creditor in this case for the claim identified in Proof of Claim No. 10, as amended.

          2.    State whether the Bank, as Trustee, has transferred its claim to "America Servicing Company." If transferred, provide documentation of the transfer.

          3.    State whether the Bank, as Trustee, if a creditor in this case, authorized "America Servicing Company," or any other person, to represent that it was the creditor for the obligation which is the subject of Proof of Claim No. 10, as amended, and hide the identity of U.S. Bank, National Association, as Trustee, as the true creditor in this case.

          4.    Whether Proof of Claim No. 10 or Proof of Claim No. 9 is the corrected secured claim for the debt upon which Proof of Claim No. 10 is based.

    B.    Provide a written analysis of the computation of its claim, the current mortgage payment, and the correct computation of

principal, interest, and any escrow payments for the debt which is the subject of Proof of Claim No. 10, as amended.

**Wells Fargo Bank, N.A. and America's Servicing Company:**

A. Whether Wells Fargo Bank, N.A. does business as America's Servicing Company, whether America's Servicing Company is a fictitious name by which Wells Fargo Bank, N.A. does business, and where in the documents and pleadings filed with the court is the identify of America's Servicing Company as Wells Fargo Bank, N.A. disclosed to the court and parties in interest.

B. How the court, Debtor, Chapter 13 Trustee, U.S. Trustee, or other parties in interest identify America's Servicing Company and how federal court jurisdiction is exercised (proper service of process) over the America's Servicing Company appearing in this case (such as Secretary of State registration, FDIC data base, etc.).

C. America's Servicing Company, or Wells Fargo Bank, N.A. if it is operating under that name, through an officer familiar with the claim asserted for it in this case, shall appear, and,

1. State whether America's Servicing Company asserts that it is a creditor in this case or if it is a servicing company for a creditor in this case.

2. If America's Servicing Company asserts that it is a creditor, provide competent, credible, and admissible evidence of such status in this bankruptcy case.

3. If America's Servicing Company asserts that it is the

servicing agent for the creditor, identify the creditor.

4. Explain why Notices of Mortgage Payment Changes filed on June 3, 2014 and June 7, 2013 were filed by America's Servicing Company in this case which (1) identify the creditor as "America Servicing Company" and (2) why the Notice of Mortgage Payment Changes are for Proof of Claim No. 9, a secured claim for only $12,000.00.

5. State the computation of the claim, whether it is the creditor or it is the servicing agent for the creditor, the current mortgage payment, the correct computation of principal, interest, and any escrow payments for the debt which is the subject of Proof of Claim No. 9 and Proof of Claim No. 10, as amended.

**Christian Lynn Newman, Debtor:**

A. State whether Proof of Claim No. 9 accurately states the claim of "America Servicing Company," and whether America Servicing Company has a secured claim of only $12,000.00 in this case.

B. State the basis for identifying "America Servicing Company" as the creditor having a $12,000.00 secured claim in this case, the basis of the obligation, and the collateral which secures the claim, and provide copies of the Note, Deed of Trust, and other documents evidencing the obligation and collateral.

C. State the computation, according to the Debtor, of Proof of Claim No. 9 and Proof of Claim No. 10, the current mortgage

payment, the correct computation of principal, interest, and any escrow payments for the debt which is the subject of Proof of Claim No. 10, as amended.

For each of these parties ordered to provide the above information and documentation, they shall clearly show the basis for how they compute the principal and interest, which shall include how the debt is computed based on the Note, and any modifications thereto, and any additional amounts asserted to be owed pursuant to specific provisions of the Note and the Deed of Trust which secures the Note.

Each of the above parties shall provide written responses, supported by competent, credible, and properly authenticated evidence, which shall be filed and served on the other parties named above, the Chapter 13 Trustee, and the U.S. Trustee, Sacramento Division, on or before October 24, 2014. Replies, if any, shall be filed and served on or before November 3, 2014.

The continued hearing on this Motion shall be conducted at 3:00 p.m. on November 18, 2014.

The Clerk of the Court shall serve a copy of this order on the following parties and persons:

Office of the U.S. Trustee
Region 17, Sacramento Division

Peter Macaluso, Esq.
7311 Greenhaven Dr. #100
Sacramento, CA 95831

Christian Lynn Newman
30 Cattail Ct
Sacramento CA 95833

U.S. Bank, National Trust Association, Trustee
**Attn: Officer for Service of Process**
425 Walnut Street
Cincinnati, Ohio 45202

11

```
 1 │ Kelly M. Raftery, Esq.
   │ McCarthy & Holthus, LLP
 2 │ **Attn. Attys. For:** U.S. Bank, National Association, Trustee
   │ 1770 Fourth Avenue
 3 │ San Diego, CA 92101
   │
 4 │ America's Servicing Company
   │ McCarthy & Holthus, LLP
 5 │ **Attn. Attys. For:** America's Servicing Company
   │ 1770 Fourth Avenue
 6 │ San Diego, CA 92101
   │
 7 │ Wells Fargo Bank, N.A.
   │ America's Servicing Company
 8 │ **c/o CSC-Lawyers Incorporating Service – Service of Process**
   │ 2710 Gateway Oaks Dr. Ste 150N
 9 │ Sacramento, CA 95833
   │
10 │ Wells Fargo Bank, N.A.
   │ America's Servicing Company
11 │ **Attn: Officer for Service of Process**
   │ 101 N. Phillips Avenue
12 │ Sioux Falls, SD 57104
   │
13 │ Austin P. Nagel, Esq.
   │ (Courtesy Copy)
14 │ 111 Deerwood Rd, Ste. 305
   │ San Ramon, CA 94538
15 │
16 │ The Court shall issue a separate order consistent with this Decision.
17 │ Dated: October 10, 2014
```

RONALD H. SARGIS, Judge
United States Bankruptcy Court